## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

VAGHUAN I. PINKNEY,

                    Plaintiff,

          v.

CLUGSTEN, *et al.*,

                    Defendants.

Case No. 2:26-cv-00551 (BRM)

**MEMORANDUM AND ORDER**

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Vaghuan I. Pinkney ("Plaintiff"), upon the filing of a civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1) and an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1) (ECF No. 1-1). The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action IFP.

As a non-prisoner *pro se* litigant, Petitioner must complete the IFP form for non-prisoners, and if he is financially eligible for IFP status, he will not be required to pay the filing fee. Petitioner has submitted the form to be used by prisoners applying to proceed IFP. (*See* ECF No. 1-1.) Therefore, the Court will deny without prejudice his IFP application and direct the Clerk to send him the form for non-prisoners.

Accordingly, and for good cause appearing,

**IT IS** on this 17th day of March 2026,

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* (ECF No. 1-1) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is 'submitted' to the clerk before the statute runs." (quoting *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 457 n.8 (3d Cir. 1996))); and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff the form entitled Affidavit of Poverty and Account Certification (Civil Rights) (DNJ -ProSe-007-A(Rev. 12/2023)) to be used by Plaintiff in any future application to proceed *in forma pauperis*; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, within thirty (30) days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, or (2) the $405 fee including the $350 filing fee plus the $55 administrative fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

2

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

3